## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| YRASEMA URBINA | § | |
| | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | JURY DEMANDED |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE TEXAS LLOYDS, and pursuant to Rule 15, Federal Rules of

Civil Procedure, and 28 U.S.C. Sections 1441 and 1332, files this its Notice of Removal and in

connection therewith would respectfully show the Court the following:

### I.
### BACKGROUND

Petitioner is the Defendant in a civil action now pending in the 332nd District Court of

Hidalgo County, Texas, Cause Number C-1536-15-G, styled *Yrasema Urbina v. Allstate Texas*

*Lloyds*, wherein Plaintiff seeks monetary relief for property damage, and alleged violations of the

Texas Insurance Code, as well as claims for breach of the duty of good faith and fair dealing.

### II.
### BASIS FOR REMOVAL

The district courts of the United States have original jurisdiction over this action based on

diversity of citizenship among the parties, in that the Defendant is diverse in citizenship from the

Plaintiffs.

### III.
### DIVERSITY IN CITIZENSHIP

The Plaintiff, Yrasema Urbina, is domiciled in Hidalgo County, in the State of Texas, and

was domiciled there at the time this action was commenced.  Plaintiff was at that time and is now a citizen of the State of Texas.

Allstate Texas Lloyds, the Defendant, is a Lloyds plan, an entity engaged in the business of writing insurance on the Lloyds plan.  The Lloyds plan is an unincorporated association, which is considered to have the citizenship of its members, the underwriters.  Allstate Texas Lloyds was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the States of Illinois and New Jersey[1].  The United States Supreme Court has consistently held for over one hundred years that the "citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members."  *See Massey v. State Farm Lloyds Ins. Co. 993 F. Supp. 568, 570 (S.D. Tex. 1998); see also Gore v. Stenson, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984)*  The underwriters for Allstate Texas Lloyds, all reside outside the State of Texas and have continuously resided outside the State of Texas from January 1, 2009 to the present.  Accordingly, diversity of citizenship exists among the parties.

## IV.
## AMOUNT IN CONTROVERSY

The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).  Plaintiff seeks monetary damages of $200,000.00 - $1,000,000.00.  See Paragraph X of Plaintiff's Original Petition.  Should Plaintiff prevail on the claims against Defendant stated in the Plaintiff's Original Petition, attached to this Notice, Plaintiff would be entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00). The applicable policy provides dwelling limits of $309,000.00, other structures limits of $30,900.00 and contents coverage of $123.600.  See declarations page attached as Exhibit A.  In addition to policy benefits, Plaintiff seeks statutory damages, extra-contractual damages, exemplary damages and

attorney's fees.  Accordingly, considering all damages Plaintiff would be entitled to, should she prevail, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

**V.**

Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the Plaintiff and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000.00.

**VI.**

This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Original Petition, which was the first notice to Defendant of this lawsuit. This removal is filed under 28 U.S.C. Section 1446(b).

**VII.**

Petitioner's time to answer or remove with respect to the Plaintiff's Original Petition has not expired.  Plaintiff's Original Petition was served on the Defendant Allstate Texas Lloyds on May 20, 2015.

**VIII.**

This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1331 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441.  Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

WHEREFORE, ALLSTATE TEXAS LLOYDS, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action

---

[1] An Affidavit regarding the residency of the underwriters will be supplemented.

for trial from the 332nd District Court, Hidalgo County, Texas to this Court, on this 18th day of June, 2015.

Respectfully submitted,

BY:      /s/ *Rosemary Conrad-Sandoval*
Rosemary Conrad-Sandoval
Attorney-in-charge
State Bar #04709300
Federal ID #13738
R. Jordan Riley
State Bar #17161700
Federal ID #1503

Of Counsel
ROERIG, OLIVEIRA & FISHER, L.L.P.
10225 North 10th Street
McAllen, Texas   78504
(956) 393-6300
(956) 386-1625 (Fax)

ATTORNEYS FOR DEFENDANT

## VERIFICATION

THE STATE OF TEXAS    :
                               :

COUNTY OF HIDALGO   :

      I, ROSEMARY CONRAD-SANDOVAL, being first duly sworn, depose and say that: I am counsel for Petitioner, ALLSTATE TEXAS LLOYDS; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

ROSEMARY CONRAD-SANDOVAL

      SUBSCRIBED AND SWORN TO BEFORE ME by the said ROSEMARY CONRAD-SANDOVAL, this 18th day of June, 2015, to certify which witness my hand and seal of office.

APRIL BURNER
NOTARY PUBLIC
State of Texas
Comm. Exp. 03/30/2017

Notary Public, State of Texas

S:\McAllen\April Burner\FEDERAL COURT\36309 Yrasema Urbina\Ntc of Removal.doc

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of

Removal has been mailed, Certified Mail, Return Receipt Requested, to the Attorney for Plaintiffs,

as follows:

Mahsa Tajipur
Robert Pollom
KETTERMAN, ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232

on this 18th day of June, 2015.

                                                   */s/ Rosemary Conrad-Sandoval*
                                              ROSEMARY CONRAD-SANDOVAL

S:\McAllen\April Burner\FEDERAL COURT\36309 Yrasema Urbina\Ntc of Removal.doc